Excuse me, sorry. The clerk tells me that all counsel are present and ready to go so we'll dispense with the calling of the calendar and hear argument in Williams v. United States. Morning Mr. Habib. Morning Judge Hall. May it please the court, Daniel Habib, Federal Defenders of New York on behalf of Trevor Williams. Trevor Williams following his conviction for possessing a handgun was sentenced to 16 years of imprisonment under the Armed Career Criminal Act. That sentence is legally erroneous because in light of the Supreme Court's decisions in 2010 Johnson and 2015 Johnson, Williams no longer has the requisite three prior violent felony convictions. He is entitled to 2255 relief. The simplest path to reversal in this case is for this court to reaffirm its well-reasoned statutory analysis in United States v. Jones. You're aware we've withdrawn that opinion? Of course, Your Honor. Jones was vacated pending the Supreme Court's disposition of Beckles. But Jones, a guy... Why do you think the Johnson, the 2010 Johnson decision in the Supreme Court wasn't part of the direct appeal here? The face of this court's summary order affirming Mr. Williams' sentence on direct appeal contains not even a citation to 2010 Johnson. So the panel was unaware of Johnson at that time? To the contrary, Your Honor. The panel is presumed to be aware of Johnson, but Williams did not raise a 2010 Johnson claim in his briefing on direct appeal. Consequently... You mentioned Johnson perhaps, but certainly that opinion, that summary order discussed the qualifying predicates for ACC, didn't it? Williams, so again, the law and of course we're operating within the zone of the law of the case doctrine, which as this court knows is a discretionary doctrine subject to exceptions to correct clear error or prevent manifest injustice. But assuming the law of the case doctrine is in play, the law of the case doctrine applies only with respect to issues actually decided. And this court has said that an issue... I'm not talking about the law of the case doctrine, it's just was the panel wrong on the direct appeal? What's the, what's the, indicate that it wasn't aware of Johnson, didn't evaluate the ACC predicates, and that's it. We're bound by that. Why do you think that the Johnson 2010 opinion wasn't even thought of by that panel? So the simplest, the simplest reason is that the parties didn't call to the court's attention and Williams didn't present a 2010 Johnson claim with respect to his robbery priors. And of course, this court has said many times that questions which merely lurk in the record, not called to the court's attention by the focus of a merits reasoned decision, do not operate as precedent. Well, the court cited Walker and Brown though. Those were ACC cases, weren't they? That's right. And in the same manner, subsequent to 2010 Johnson, this court has continued to cite Brown and continued to cite Walker. But again, the question isn't whether those older precedents say what they say, the question is whether those older precedents remain valid in light of the reasoning of 2010 Johnson, and they don't. Because 2010 Johnson, a retroactively applicable statutory construction decision, narrowed the scope of ACCA's elements clause. It narrowed the definition of physical force down to violent force capable of causing physical pain and injury, akin to the extreme force involved in such violent felonies as murder and forcible rape. Applying that legal standard, Williams' prior robbery convictions no longer qualify, because as this court said- It's statutory, not constitutional, is that right? 2010 Johnson is a statutory construction decision, correct, Your Honor. I mean, that may have some effect on how we apply it at this point. Well, let me clarify- It was 2015 Johnson, it was constitutional, right? Correct. Let me clarify that, and I'm aware that the procedural history of this case is complex, but let me clarify that this is an appeal from the denial of Mr. Williams' initial 2255 motion. So he's not subject to the 2255H gatekeeping requirements. He's entitled to assert a statutory decision that's retroactively applicable. So the 2010 Johnson claim is properly before this court, and the government has already- Johnson was alive and well in moving through the system when he was- That's correct. And the government, in a case in the 11th Circuit, Rozier v. United States, which is cited in our reply brief, has already conceded the retroactive applicability of 2010 Johnson. And so applying the Johnson 2010 construction of physical force, as this court reasoned in Jones, and as numerous district courts have accepted, New York force does not reach that level. New York force encompasses such minor physical contacts as forming a human wall, bumping a robbery victim, and engaging in a tug-of-war over stolen property. Those contacts fall well short of the violent force necessary to satisfy the elements clause under 2010 Johnson. And there's nothing in the record from which then the court can go back and infer whether there was, or sorry, not infer, but find whether there was violence? So, no, of course, this court, in assessing whether a state prior satisfies the elements clause, applies the categorical approach. And so it's limited to the elements of the prior offense. The third degree robbery offense is indivisible. That is to say, all that's at issue is the statutory element of forcible stealing. The attempted second degree robbery offense, the government has conceded. No Shepard documents indicate what subsection formed the basis of that conviction, and so both priors rise or fall together. And again, that's- Under a categorical analysis, which is what we're left with. Which is what the court, since Taylor has said, is what's required in the context of ACTA, yes. And so that's the simplest path to reversal in this case. So would we have to overrule Walker and Brown if we agreed with you? So this court would have to overrule Brown to the extent that Brown holds that New York forcible stealing is an elements clause crime of violence. But there's no impediment to doing so because the Supreme Court's intervening decision in 2010 Johnson makes its abrogation clear. And that's what the panel in Jones recognized when it held that Spencer was overruled on a similar basis. So we're not asking this court to do something the court has not already recognized is warranted in light of 2010 Johnson. So again, the government has asserted four predicate offenses. Two of them are robberies. And if those two robbery convictions fall, Mr. Williams no longer has the necessary three prior violent felonies to qualify under the Armed Career Criminal Act, and he's entitled to relief. I'll reserve. And you have reserved two minutes for rebuttal, Mr. Habib. Thank you. Good morning. Good morning, Your Honor. May it please the court. My name is Michael Kraus, and I'm an assistant United States attorney in the Southern District of New York. I represent the United States on this appeal. In his reply brief, the defendant states that he did not raise a 2010 Johnson claim on his direct appeal. If this is true, the defendant procedurally defaulted that claim and cannot raise it in habeas. If it is not true, if the claim was raised on direct appeal and this court ruled against that claim, then the claim is barred under the law of the case doctrine. Either way- Will you rule on this case in a summary order? Yes, Your Honor. It didn't wrestle in any precedential way with the existing jurisprudence. It did not, Your Honor, but the court applied Brown and Walker in holding that the defendant had three, at least three, prior convictions that qualified under ACCA, and therefore- I suppose, I at least, maybe others have to make a distinction between whether it's precedential and whether it's law of the case. It can be thoroughly, it doesn't even have to be an opinion, I suppose, for it to be law of the case. That's correct, Your Honor. The government's position is that the defendant did raise a 2010 Johnson claim on his direct appeal, and that claim was denied. And therefore, law of the case doctrine would state that the defendant does not get a second bite at the apple on habeas. And that's the procedural ground by which this court can affirm the district court's denial of the defendant's habeas petition. If the defendant is correct, however, that he never raised a 2010 Johnson claim on his direct appeal, then procedural default takes hold, and the defendant, who should have been aware of 2010 Johnson. Just for the timeline here, Your Honor, the defendant's appeal was in 2012. This court's order affirming the conviction was in 2013. Johnson was decided in 2010. That was a claim that could have been brought and was brought in the government's view on direct appeal and was denied. How do we know which of the clauses was applied by the district court, the forced clause or the residual clause of the ACC? Well, Your Honor, on the record here, it's clear that the residual clause was never raised. The residual clause wasn't raised by the government, excuse me. It wasn't addressed by the district court. It wasn't applied by the district court. And in this court's order affirming the conviction, the cases cited by the court were, for the most part, elements clause cases. Brown decided that third degree robbery in New York State is a crime of violence under the elements clause. For the most part, that makes me wonder about the rest of the part. Well, Your Honor, Walker, which was also cited by the court for the assault convictions. That case, it does state that under both the elements clause and the residual clause, assault is a crime of violence. In opinions where there are two grounds, the more narrow ground would control. And the government's position here is Walker and Brown both controlled this case as the panel decided correctly in 2013. In any event, if this court were to reach the merits of the defendant's ACCA claim. Are we barred from reaching the merits before you get to what you're just about to say? You're barred, Your Honor, if the defendants correct that he didn't raise the 2010 Johnson claim on direct appeal. There's a procedural default that follows from that. You're not barred entirely if the court decides to apply the law of the case doctrine. Because there is an escape hatch that would apply potentially here and has been argued by the defendant. If the law of the case doctrine would lead to manifest injustice, the court could reach the merits. However, the defendant's reply brief is quite clear in raising the position that they did not assert a 2010 Johnson claim on direct appeal, and in that case, there would be a procedural default. What would you, I'm not even sure this is fair, but what would manifest injustice mean in this? The longer I am at this job, the less I understand what manifest injustice means. What, in your view, would they have to show to show manifest injustice here? I mean, if he's clearly wrong, that's manifestly unjust, right? Well, Your Honor, not under this court's precedence. The manifest injustice here would not apply because this is a 2010 statutory decision by the Supreme Court that the defendant had every opportunity to raise at sentencing, which he did. And then on his direct appeal, it's not entirely true that the defendant didn't raise 2010 Johnson in his direct appeal. He cites to it explicitly in distinguishing Brown. And therefore, in the government's view, has raised that claim, and this court denied it. There's no manifest injustice in the Second Circuit making a decision under the law at the time. And habeas is not meant to substitute for a direct appeal. So the government's position is there is no manifest injustice that would apply. But even if the court did reach the merits in this case, the two robbery convictions and the two assault convictions that Mr. Williams had prior to his sentencing, or at the time of his sentencing, are all for ACA predicates, and should therefore on the merits still lead to an affirmance of the district court's denial of habeas. Because you think Jones, which I realize has been withdrawn, but obviously you all are well aware of it, is in error? Yes, Your Honor. The Jones decision, which has been withdrawn, after this court's- You're explaining how we were in error in Jones. Yes, Your Honor. After this court's decision in Hill, and after the Supreme Court's decision in Castleman, which Hill applies, it's clear that both robbery and assault in New York State are crimes of violence. Where categorically, yes, Your Honor, where the Jones decision, the government believes went wrong, is that in looking to the New York State precedents, it failed to appreciate that the convictions in those cases were decided by juries. The jury decided, based on the elements of those offenses, that violent force had been used, physical force had been used to affect the robbery and to affect these assaults. In the robbery context, the controlling case for New York purposes is People v. Jergens, which is a New York Court of Appeals decision that explicitly states that a robbery that does not, that robbery cannot be affected just through mere touching. It's coextensive with the Supreme Court's decision in 2010 Johnson. 2010 Johnson's only holding is that a Florida battery statute cannot qualify as a crime of violence because it can be affected through just offensive touching. And People v. Jergens in 2015 states that New York robbery cannot be accomplished with just offensive touching. There has to be more force. And the Justice Scalia's concurrence in Castleman makes clear that violent force is any force that has the potential of causing physical injury or bodily injury. And after those decisions have been made, the intermediate court decisions that were cited in the panel's decision in Jones do not change that analysis. In those cases, the intermediate courts are looking at the evidence presented to the jury in the light most favorable to the people. And deciding in that case that the jury has enough evidence to show a violent force was used in affecting a robbery is different than stating what the elements are, which is what People v. Jergens does. Don't we have to wait though to see what happens with Jones and now Damiah next term of the Supreme Court? No, Your Honor. We're aware that Damiah's going to be re-argued next term, right? Yes, Your Honor. Damiah is not a ACCA case. But it would apply to Hill, though, wouldn't it, the crime of violence definition in Damiah? It could, at least. It could, Your Honor. The court need not wait for Damiah. The appeal is before the court now, and the government's position is, under binding precedent at this moment, Castleman, Hill, 2010 Johnson, properly understood. The defendant has four violent convictions for purposes of- Don't we have to wait for Jones to be ultimately resolved? Your Honor, Jones was also not an ACCA case, so- It's a career offender case, but it relies on the same definition that's found in ACCA, correct? Yes, Your Honor, but it's a challenge to the guidelines regime, which in Beckles, the Supreme Court stated, did not have the same analysis with respect to the residual clause. Your point is, because Beckles has come down, then Jones is going to- Jones doesn't need to reach the issues that Jones did before. Yes, Your Honor, Jones is- Whatever reissued opinion is not going to cover what's before us in this case. It's unlikely- Which is almost identical to what was in Jones. Yes, Your Honor. And the government's position is, those intermediate New York state appeals decisions aren't properly addressed in Jones, or aren't understood properly. ACCA requires the use or the threatened use of physical force, same as the New York statute for robbery. The case relied on heavily by the defendant Bennett, where a human wall was formed. That's clearly, in the context of the encounter, a threat to use physical force. If your wallet is taken and then three confederates of the robber stand in front of you in a threatening manner, that a jury could conclude from that, based on the elements of a robbery offense, that a robbery was committed because there was a threat of force. All of the New York court decisions can be distinguished, and it's the government's position that after that 2010 Johnson properly understood, it encompasses a robbery conviction in New York as an ACCA predicate. Thank you. Thank you, Your Honor. Thank you very much, Mr. Krauss. Mr. Abbey, you've reserved some time for rebuttal. Thank you, Your Honor. Let me address the procedural issues first, because I do not think they need to detain the panel long. With respect to procedural defaults, the government has waived any reliance on procedural default. That's an affirmative defense. It's required to be raised in an answer to a 2255 motion. It wasn't raised in the district court. It wasn't raised in the response brief. And indeed, this is true waiver, because the government has argued that a 2010 Johnson claim was presented. That's the opposite of defaulting the claim. With respect to law of the case, Judge Sack, I agree that cases aren't quite clear on what manifest injustice could mean. But if it means anything, it surely means that six years of unlawful incarceration are manifestly unjust. And it's frankly perplexing to hear anything to the contrary. So let me turn to the merits. First, with respect to Hill, Hill expressly distinguished Jones. And that's footnote 13 in Hill, which says that Jones concerned a different predicate offense, New York robbery as opposed to Hobbs Act robbery, and more to the point concerned a different force clause. Again, recall that the guidelines in the ACA elements clauses are narrower than 924C's force clause. 924C's force clause encompasses violence against property, not just violence against people. And so Hill really sheds little light on the discussion here. With respect to Jurgens, with respect, the government reads it for much more than the case says. Jurgens holds that pickpocketing isn't New York robbery. It does not hold that any force greater than pickpocketing is New York robbery. And in fact, as the New York cases make clear, there are a number of intermediate forms of physical force, greater than pickpocketing, but less than the violent physical force required by 2010 Johnson. And those would be the bumping, the tug of war, and the human wall. Now the government suggests that the human wall necessarily involved the threat of force, or that a jury could have inferred a threat of force. But in applying the categorical approach to this offense, we ask what the crime necessarily involved. And this court considers only the minimum conduct necessary to violate the state statute. In Bennett, that was a pickpocketing followed by a passive obstruction with no evidence that the individuals forming the wall threatened the use of force or were indeed prepared to use force. That's all that Jurgens holds, that pickpocketing isn't New York robbery. With respect to Judge Droney's question, Jones, I'll put it this way. Obviously, I can't speculate as to what the Jones panel will or won't do. But to the extent that the Jones panel reaches the elements clause question, as the first argued case, its analysis would have priority. I'll defer to the court with respect to DiMaia, but I agree with the government that DiMaia, which concerns 18 U.S.C. 16B, and thus by extension 924C's residual clause, is not likely to impact this court's analysis, except to the extent that Hill might be overruled. But as I've already explained, Hill itself distinguished Jones. Thank you. Thank you. Thank you both. Very nicely argued, and the court appreciates it, thanks. We'll reserve decision. Thank you.